IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEGHAN KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 21-1490-CFC |
| ) | |
| DISCIPLINARY COUNSEL PATRICIA ) | |
| B. SWARTZ, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Pro se Plaintiff Meghan Kelly is a Delaware attorney. Defendants are the Delaware Board on Professional Responsibility (the Board), the Office of Disciplinary Counsel of the Supreme Court of the State of Delaware (the ODC), the ODC's counsel, the Preliminary Review Committee (PRC), and the Delaware Attorney General. Plaintiff filed this action on October 25, 2021 pursuant to 42 U.S.C. § 1983 and § 1985 and Federal Rule of Civil Procedure 65. She seeks an order "to enjoin proceedings brought by the Defendants to place [her] attorney license on inactive disabled" status in violation of her First and Fourteenth Amendment rights. (D.I. 2 ¶ 14) She has filed a motion to expedite, two motions for injunctive relief, a letter/motion for emergency relief, and motions to e-file and to appear remotely. (D.I. 6, 7, 9, 11, 12, 14)

I.

On August 23, 2021, the ODC informed Plaintiff by letter that the content of several pleadings Plaintiff filed in a lawsuit in Delaware's Court of Chancery "raise[d] serious concerns as to [Plaintiff's] mental capacity and fitness to practice law." (D.I. 7- 1 at 95) The ODC requested that Plaintiff voluntarily submit to a mental health

examination on September 7, 2021 to determine her fitness and mental capacity to practice law. (D.I. 7-1 at 96) Plaintiff refused to submit to this examination. On September 27, 2021, the ODC sent Plaintiff a letter stating that it was going to present to the PRC on November 3, 2021 a petition to transfer Plaintiff to disability inactive status. (D.I. 7-1 at 103)

II.

The Delaware Supreme Court, through its inherent power and authority and pursuant to section 161 of Title 10 of the Delaware Code, maintains standards of professional conduct for all lawyers subject to its jurisdiction, disposes of individual cases of lawyer discipline and mental capacity, and administers the system by which disciplinary and mental capacity determinations are made. See 10 Del. C. § 161; Del. Law. R. of Disciplinary Proc. (DLRDP) Rule 1(a). That system is comprised of three agencies created by the Delaware Supreme Court: the Board, the ODC, and the PRC. See DLRDP 1(b). Disciplinary and disability matters are heard by the Board, upon a petition filed by the ODC after approval by the PRC. See DLRDP 9. The Board's rulings on disciplinary and mental capacity matters are subject to review by the Delaware Supreme Court. See In re Nadel, 82 A.3d 716, 720 (Del. 2013) (holding that role of Delaware's Supreme Court in disciplinary proceedings "is to review the record independently and determine whether there is substantial evidence to support the [Board's] factual findings."). The procedures and hearings for discipline and mental capacity proceedings are the same. DLRDP 19(c).

2

III.

The *Younger* abstention doctrine requires that the Court abstain from adjudicating Plaintiff's Complaint and motions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, n.1 (3d Cir. 1994).

"*Younger* . . . and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex*, 457 U.S. at 423. Under *Middlesex*, the issue of whether a state bar's discipline (and thus, in this case, mental capacity) proceeding falls within the reach of *Younger* turns on three questions: (1) whether the proceeding is a state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity in the proceeding to raise constitutional challenges. *Id.* at 432.

Before ascertaining whether the *Middlesex* conditions exist, the Court must first determine whether the parallel state action falls within one of "three exceptional categories": (1) criminal prosecutions, (2) "certain civil enforcement proceedings," or (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quotation marks, alteration omitted); *see also Harmon v. Department of Finance*, 811 F. App'x 156, 158 (2020).

In *Middlesex* the Court held that state attorney disciplinary proceedings "bear a

close relationship to proceedings criminal in nature." 457 U.S. at 432; see also Sprint, 571 U.S. at 70. Delaware treats attorney mental capacity proceedings in the same manner it treats attorney disciplinary proceedings. DLRDP 19(c). Formal charges of incapacity may be instituted only upon a finding of probable cause by the PRC. DLRDP 9(c). If an attorney contests the findings of the PRC, a hearing is held before the Board. DLRDP 9(d). The hearing is governed by the Delaware Rules of Evidence, DLRDP 9(f)(2); sworn testimony may be adduced at the hearing by both the ODC and the attorney, DLRDP 9(f)(1). An attorney can appeal adverse findings of the Board to the Delaware Supreme Court, which "review[s] the record independently and determine[s] whether there is substantial evidence to support the [Board's] factual findings." In re Nadel, 82 A.3d at 720. These procedures and the role the Delaware Supreme Court exercises in attorney mental capacity proceedings make clear that the proceedings bear a close relationship to criminal proceedings and fall within one of the exceptional categories covered by Younger.

The Court therefore turns to the three Middlesex conditions. First, Delaware's mental capacity proceedings for attorneys constitute state judicial proceedings. In re Nadel, 82 A.3d at 720. Second, Delaware has an extremely important interest in ensuring that its attorneys do not suffer from a mental incapacity. See Middlesex, 457 U.S. at 434 (recognizing "the important state obligation to regulate persons who are authorized to practice law"). Third, "[m]inimal respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights." Id. (emphasis in the original). Plaintiff has not alleged, and there is no reason

4

to believe that the Delaware Supreme Court would deny her an opportunity to raise the constitutional challenges she makes in her Complaint.

Accordingly, the Court will: (1) deny Plaintiff's motion to expedite (D.I. 6) and letter/motion for emergency relief (D.I. 14); and (2) dismiss as moot the motions for temporary restraining order and preliminary injunction, to e-file and to appear remotely (D.I. 7, 9, 11, 12); and (3) abstain under the *Younger* abstention doctrine and dismiss the Complaint.

An appropriate Order will be entered.

_____
Chief Judge

November 2, 2021
Wilmington, Delaware