IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEGHAN KELLY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-1490-CFC |
| DISCIPLINARY COUNSEL PATRICIA B. SWARTZ, et al., | : |
| Defendants. | : |

**MEMORANDUM**

**I.  INTRODUCTION**

Pro se Plaintiff Meghan Kelly is a Delaware attorney. Defendants are the Delaware Board on Professional Responsibility (the Board), the Office of Disciplinary Counsel of the Supreme Court of the State of Delaware (the ODC), the ODC's counsel, the Preliminary Review Committee (PRC), and the Delaware Attorney General. Plaintiff filed this action on October 25, 2021 pursuant to 42 U.S.C. § 1983 and § 1985 and Federal Rule of Civil Procedure 65. She sought an order "to enjoin proceedings brought by the Defendants to place [her] attorney license on inactive disabled" status in violation of her First and Fourteenth Amendment rights. (D.I. 2 ¶ 14) On November 2, 2021, the Court denied Plaintiff's motion to expedite and letter/motion for emergency relief, dismissed as moot motions for temporary restraining order and preliminary injunction, to e-file and to appear remotely, abstained under the Younger abstention doctrine, and dismissed the Complaint. (D.I. 16, 17)

Plaintiff has filed a motion for reargument construed as a motion for reconsideration, a motion to amend the motion for reargument, a motion to amend

1

Exhibit G to the Complaint, and a letter asking me to consider new evidence. (D.I. 20, 21, 23, 29) I will grant Plaintiff's motion to amend the motion for reargument and will consider the amended reargument. (D.I. 21) I do not consider the "new evidence" as it did not exist when Plaintiff commenced this action.

## II. MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of the November 2, 2021 Memorandum and Order on the grounds that it "essentially eliminat[ed her] ability to protect [her] fundamental rights in exchange for [her] license to practice law" and sacrificed her individual liberties. (D.I. 20 at 20; D.I. 21-2) In addition, Plaintiff asserts the Court erred as a matter of law by disregarding all her pled facts and legal arguments. (*Id.*)

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v.*

*Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The Court has reviewed Plaintiff's motion for reconsideration and amended motion, both of which provide great detail on why she believes reconsideration is appropriate. The Court has also reviewed the Complaint, the applicable law, and the Memorandum and Order at issue, and analyzed the issues while considering Plaintiff's motions. Except for the copies of statutes and newspaper articles that are readily available, the "new evidence" Plaintiff asked the Court to consider was obtained after this Court's November 2, 2021 ruling. That type of "new evidence" does not justify reconsideration. *See Sherwin-Williams Co., v. PPG Indus., Inc.*, 2021 WL 3710128, at *4 (W.D. Pa. Aug. 20, 2021); *see also Hudson's Bay Co. Fur Sales v. Am. Legend Coop.*, 651 F. Supp. 819, 846 (D.N.J.1987) (in ruling on a motion for reconsideration Court should consider new evidence only if it existed at the time of the operative pleading, but was either not discoverable or unavailable during discovery). Moreover, even if the I considered the "new evidence," Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's November 2, 2021 Memorandum and Order. Therefore, the motion and amended motion for reconsideration will be denied. (D.I. 20)

## III.  MOTION TO AMEND

Plaintiff moves to amend Exhibit G that is attached to the Complaint. (D.I. 23)

3

She indicates that the most important page of Exhibit G, the last page, is missing. The last page shows that Plaintiff "crossed off local counsel's address" as instructed by Chancery Court staff. (D.I. 23 at 1) The motion will be denied as moot. The page in question was previously filed as "Exhibits to Appendix G". (*See* D.I. 4-9 at 196).

## IV. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for reargument (D.I. 20); (2) grant Plaintiff's motion to amend the motion for reargument[1] (D.I. 21); and (3) deny as moot Plaintiff's motion to amend Exhibit G (D.I. 23).

An appropriate order will be entered.

                                                                          */s/ Colm F. Connolly*
                                                                            Chief Judge

December 22, 2021
Wilmington, Delaware

---

[1] As discussed, I considered the amended motion for reargument.