IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEGHAN KELLY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 21-1490-CFC |
| | : |
| DISCIPLINARY COUNSEL PATRICIA | : |
| B. SWARTZ, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

**I.    INTRODUCTION AND BACKGROUND**

Pro se Plaintiff Meghan Kelly is a Delaware attorney. Defendants are the Delaware Board on Professional Responsibility (the Board), the Office of Disciplinary Counsel of the Supreme Court of the State of Delaware (the ODC), the ODC's counsel, the Preliminary Review Committee (PRC), and the Delaware Attorney General. Plaintiff filed this action on October 25, 2021 pursuant to 42 U.S.C. § 1983 and § 1985 and Federal Rule of Civil Procedure 65. She sought an order "to enjoin proceedings brought by the Defendants to place [her] attorney license on inactive disabled" status in violation of her First and Fourteenth Amendment rights. (D.I. 2 ¶ 14) On November 2, 2021, the Court denied Plaintiff's motion to expedite and letter/motion for emergency relief; dismissed as moot motions for a temporary restraining order and preliminary injunction, to e-file and to appear remotely; abstained under the Younger abstention doctrine; and dismissed the Complaint.   (D.I. 16, 17)

On November 8, 2021, Plaintiff filed a motion for reargument (construed as a motion for reconsideration), followed by a motion to amend the motion for reargument, a

motion to amend Exhibit G to the Complaint, and a letter asking me to consider new evidence. (D.I. 20, 21, 23, 29) On December 22, 2021, this Court granted Plaintiff's motion to amend the motion for reargument, considered the amended reargument construed as a motion for reconsideration, did not consider evidence that did not exist when Plaintiff commenced this action on October 25, 2021, denied as moot Plaintiff's motion to amend Exhibit G of the complaint as it was already in the record, and denied Plaintiff's motion for reconsideration. (D.I. 30, 31)

On January 3, 2022, Plaintiff filed a notice of appeal of the December 22, 2021 Memorandum and Order. (D.I. 21) On January 11, 2022, Plaintiff filed a motion to waive PACER costs due to utter poverty. (D.I. 33) The same day she filed a motion to amend findings of fact and alter the December 22, 2021 Order to include the availability of new evidence not previously available, to correct clear errors of law and fact, and to prevent manifest injustice. (D.I. 34 at 1) The Court construes the filing as a motion for reconsideration of the December 22, 2021 order denying Plaintiff's motion for reconsideration.

On January 14, 2022, the United State Court of Appeals for the Third Circuit in *Kelly v. Disciplinary Counsel Swartz*, No. 21-3198 at docket item 22 (3d Cir.) stayed the appeal pending this Court's decision on the motion to amend pursuant to Fed. R. Civ. P. 52 and 59 filed on January 11, 2022. (*See* D.I. 34) Since then, Plaintiff has filed: (1) a third emergency motion to alter and amend the December 22, 2021 judgment pursuant to Fed. R. Civ. P. 52(b), 59(e), 60(b)(1), (2), and (6), and 65 (D.I. 36); (2) an emergency motion for immediate relief requesting review of motion filed simultaneously herewith

2

(D.I. 37); (3) a second additional motion pursuant to Fed. R. Civ. P. 52(b), 59(e), and 60(b)(1), (2), and (6) to amend findings of facts and alter the order dated December 22, 2021 based on new findings of fact, to prevent clear error of facts, clear error of law, and to prevent manifest injustice (D.I. 39); (4) a third emergency motion pursuant to Fed. R. Civ. P. 52(b), 59(e), 60(b)(1), (2), and (6), and 65 (D.I. 41); (5) an emergency motion for immediate relief requesting review of motion filed simultaneously herewith (D.I. 42); (6) a motion for an urgent emergency preliminary restraining order to be applied immediately with a waiver of bond to prevent immediate and irreparable injury by compelled violations of my religion but for my exercise of religious belief (D.I. 47); (7) a motion to expedite (D.I. 48); and (8) a different motion for exemption to appear in person in court, for remote proceedings or to appear remotely due to foreseeable costs relating to transportation creating a substantial burden upon plaintiff's access to the courts and forced violation of her religious beliefs by threat of indebtedness (D.I. 54).

## II.  DISCUSSION

Plaintiff seeks relief under Rule 52(b) and 59(e). A motion under Rule 52(b) or 59(e) is the functional equivalent of a motion for reconsideration. *Butamax Advanced Biofuels LLC v. Gevo Inc.*, 2015 WL 4919975, at *1, (D. Del. Aug. 18, 2015). Federal Rule of Civil Procedure 52(b) provides that, no later than 28 days after the entry of judgment, a party may move to have the court "amend its findings – or make additional findings," and the Rule 52(b) motion may accompany a motion for new trial under Rule 59. Rule 52(b) "permits [a party] to ask the court to correct, on the non-jury record before it, any errors of law, mistakes of fact or oversights that require correction." *U.S.*

*Gypsum Co. v. Schiavo Bros., Inc.*, 668 F.2d 172, 180 (3d Cir. 1981). Factual determinations are correctable under Rule 52(b) if the district judge who heard the evidence believes that they are necessary, and capable of being made without the grant of a new trial. *U. S. Gypsum Co. v. Schiavo Bros.*, 668 F.2d 172, 180 n.9 (3d Cir. 1981)

A motion for reconsideration/amendment of judgment filed pursuant to Federal Rule of Civil Procedure 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Having reviewed Plaintiff's filings as well as the applicable law, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's December 22, 2021 Order. Therefore, all motions pertaining to the motion for reconsideration of the December 22, 2021 Order will be denied. (D.I. 34, 36, 37, 39, 41, 42)

In addition, the Court will deny all other motions filed by Plaintiff subsequent to

4

the filing of her notice of appeal. (D.I. 33, 47, 48, 54)

### III. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motions. (D.I. 33, 34, 36, 37, 39, 41, 42, 47, 48, 54)

An appropriate order will be entered.

_____<br>
Chief Judge

April 26, 2022<br>
Wilmington, Delaware