EFiled: Nov 02 2020 01:33PM EST
Transaction ID 66072815
Case No. 2020-0809-PWG

## COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:    November 2, 2020

*Via U.S. Mail*
Meghan Kelly
34012 Shawnee Drive
Dagsboro, Delaware 19939

Re:    *Meghan Kelly v. Donald Trump, et al.*
C.A. No. 2020-0809-PWG

Dear Ms. Kelly:

Pending before me is your complaint claiming Donald J. Trump, President of the United States, has violated your religious freedom. This complaint, while undoubtedly sincere, must be dismissed as legally frivolous under 10 *Del. C.* §8803(c). This is a final report.

## I.    BACKGROUND

On September 22, 2020, Plaintiff Meghan Kelly ("Kelly") filed a complaint against Defendant Donald Trump ("Trump") in his individual capacity and in his official capacity as President of the United States.[1]    On October 5, 2020, Kelly

---

[1] Docket Item ("D.I.") 1; D.I. 4; D.I. 5.   On September 22, 2020, Kelly filed an application to proceed *in forma pauperis*, which was approved the same day. D.I. 3. Kelly also filed a Motion for a Temporary Restraining Order seeking to prohibit Trump from supporting one perceived religion and from persecuting those with diverse religious beliefs, a Motion to Expedite, and a memorandum of law in support of those motions. D.I. 6; D.I. 7; D.I. 8.

*Meghan Kelly v. Donald Trump, et al.*
C.A. No. 2020-0809-PWG
November 2, 2020

filed her first amended complaint.[2]  Under Court of Chancery Rule 15(a), a party may amend their complaint once, as a matter of course, before a responsive pleading is filed.[3]  In her amended complaint, Kelly brought three counts alleging that Trump has violated her religious freedom.[4]  Count I alleges that Trump, in his official capacity as President, has engaged in the unlawful establishment of government religion in violation of the Establishment Clause of the First Amendment "applicable to Defendant via the [Fifth Amendment]."[5]  Count II alleges that Trump has substantially burdened Kelly's free exercise of religion in violation of 42 U.S.C. §§ 2000bb - 2000bb-4 and the First Amendment "applicable to Defendant via the [Fifth] Amendment."[6]  Count III alleges that Trump's Executive Order 13798 violates the Establishment Clause of the First Amendment "applicable to Defendant via the [Fifth] Amendment."[7]  Kelly seeks (1) relief permanently enjoining and restraining Trump from forcing religious views or sponsoring religion and from persecuting those with diverse religious beliefs, while

---

[2] D.I. 18; D.I. 19.  The original complaint sued Trump in both his individual and governmental capacities.  The first amendment removes Trump as a defendant in his individual capacity, and refers to the Defendant as the President of the United States in case Trump is no longer in office. D.I. 16.

[3] Ct. Ch. R. 15(a).

[4] D.I. 19, ¶¶ 425-78.

[5] Id., ¶¶ 425-434.

[6] Id., ¶¶ 436-446.

[7] Id., ¶¶ 448-478; Exec. Order. No. 13798, 82 C.F.R. § 21675 (2017).

2

*Meghan Kelly v. Donald Trump, et al.*
C.A. No. 2020-0809-PWG
November 2, 2020

he serves as President of the United States, (2) declaratory relief ordering federal government agents, such as Trump, acting under the cloak of federal government authority, to uphold, and not chill, constitutional freedoms, and (3) costs.[8]  On October 12, 2020, Kelly filed a second motion to amend the complaint.[9]

## II.    ANALYSIS

Kelly's main theory of her case is that Trump creates the illusion of being a devout Christian, while engaging in acts that Kelly contends are against the main tenets of Christianity.[10]  She claims that his actions substantially burden and injure her "free exercise of religion" causing her "eternal harm" and "chilling [her] free exercise of religion by [his] increased threat of government sponsored religious persecution and, or the actual government sponsored persecution for [her] attempts to freely exercise [her] religion."[11]  Kelly alleges that, through Trump's deception, he is misleading people, deceiving them to sin, and dooming them to hell.[12]  The primary harm Kelly claims is that, because Trump is leading people to hell, Kelly will not be able to love them for eternity.[13]  She also alleges that she is persecuted,

---

[8] Id., Prayer for Relief.

[9] D.I. 26; D.I. 27. Kelly filed a corrected second motion to amend on October 13, 2020. D.I. 33; D.I. 34.  In the second motion to amend the complaint, Kelly seeks to add the United States as a necessary party. D.I. 34; D.I. 27.

[10] D.I. 18; D.I. 19.

[11] D.I. 18, ¶ 14.

[12] See, e.g., id., ¶¶ 12, 17, 130-133; D.I. 19, ¶¶ 441, 475.

[13] See, e.g., D.I. 18, ¶¶ 15-21; D.I. 19, ¶¶ 297, 438.

3

*Meghan Kelly v. Donald Trump, et al.*
C.A. No. 2020-0809-PWG
November 2, 2020

and her religious belief chilled, because of Trump's support for one religious belief, and suppression of others, which substantially burdens her freedom to exercise her faith.[14]

In cases in which an individual is proceeding *in forma pauperis,* if "the Court determines the complaint is faulty because it is legally frivolous, malicious or factually frivolous, then the Court dismisses it."[15] Even where the court does not dismiss a complaint initially, if "the record subsequently reveals the action is factually frivolous, malicious or the action is legally frivolous . . . the court may upon its own motion or the motion of a party, enter judgment against plaintiff and dismiss the complaint."[16] A complaint is legally frivolous when it "fails to state a claim upon which relief may be granted."[17]

---

[14] See, e.g., D.I. 19, ¶¶ 364, 367, 368, 439, 440.

[15] *Cannon v. McCreanor,* 2003 WL 943247, at *2 (Del. Super. Mar. 6, 2003); *see also Biggins v. Biden,* 2010 WL 3496838, at *2 (Del. Super. Sept. 8, 2010), *aff'd,* 9 A.3d (Del. 2010).

[16] 10 *Del. C.* § 8803(c); *see also Allen v. Coupe,* 2016 WL 676041, at *2 (Del. Super. Feb. 18, 2016) ("If the Court does not dismiss a petition initially, but later finds that it is factually or legally frivolous or malicious, the Court also may dismiss the petition."). A legally frivolous claim is "based on an indisputably meritless legal theory." *Evans v. Coupe,* 2016 WL 1608489, at *1 (Del. Super. Apr. 20, 2016), *aff'd,* 147 A.3d 234 (Del. 2016) (citations omitted); *Hall v. Hudson,* 2005 WL 2249559, at *1 (Del. Super. June 16, 2005), *aff'd,* 889 A.2d 283 (Del. 2006). Factually frivolous claims are "allegations that are baseless, of little or no weight, value or importance, not worthy of serious attention, or trivial." *Hall,* 2005 WL 2249559, at *1. *See generally Neitzke v. Williams,* 490 U.S. 319, 325 (1989) ("[a] complaint containing both factual allegations and legal conclusions is frivolous where it lacks an arguable basis either in law or in fact . . . 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

4

*Meghan Kelly v. Donald Trump, et al.*
C.A. No. 2020-0809-PWG
November 2, 2020

In *Cannon v. McCreanor,* an inmate filed a complaint *in forma pauperis* alleging that the defendant refused to allow him to enter the dining hall.[18] The *Cannon* Court held that the complaint was legally frivolous because the plaintiff provided "no justification or facts supporting his damage claims."[19] It found Cannon alleged "no specific damages and his claim is clearly frivolous," reasoning that "if this type of claim does not fall under the definition of a 'legally frivolous' claim, I do not see how any claim could meet the definition."[20]

Prior to looking at the substance of a complaint, the Court must first determine whether the plaintiff has "pled facts from which it may reasonably be inferred that they have standing to bring their claims."[21] The issue of standing does not go to the "merits of the subject matter of the controversy," but is concerned "only with the question of *who* is entitled to mount a legal challenge."[22] "[T]o obtain relief a party must have a legally cognizable interest in a controversy."[23] If a plaintiff does not have standing, the court cannot grant relief

---

[17] *Cannon,* 2003 WL 943247, at *2.

[18] *Id.,* at *2.

[19] *Id.*

[20] *Id.*

[21] *Hall v. Coupe,* 2016 WL 3094406, at *3 (Del. Ch. May 25, 2016).

[22] *Spiro v. Vions Tech. Inc.,* 2014 WL 1245032, at *8 (Del. Ch. Mar. 24, 2014) (citing *Stuart Kingston, Inc. v. Robinson,* 596 A.2d 1378, 1382 (Del. 1991)); *see also In re Jones,* 2006 WL 2035714, at *4 (Del. Ch. July 13, 2006) (citation omitted).

[23] *In re Jones,* 2006 WL 2035714, at *4 (citations omitted).

to that plaintiff and the complaint fails to state a claim upon which relief may be granted.[24] "Standing is a threshold question, and, because standing is jurisdictional in nature, the Court may raise it *sua sponte.*"[25]

To establish standing, "(1) the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant . . . and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[26] The harm must be concrete and particularized, and must have affected the plaintiff personally.[27]

---

[24] *See generally Appriva S'holder Litig. Co., LLC v. EV3, Inc.,* 937 A.2d 1275, 1285 (Del. 2007).

[25] *In re Pantalone,* 2011 WL 6357794, at *2 (Del. Ch. Dec. 9, 2011) (citing *Thornton v. Bernard Techs., Inc.,* 2009 WL 426179, at *4 (Del. Ch. Feb. 20, 2009)); *see also In re Friends of Sandbar Vill. v. Sandcap, LLC, et al.,* 2019 WL 2024380, at *1, n. 1 (Del. Ch. May 8, 2019).

[26] *Dover Historical Soc'y v. City of Dover Planning Comm'n,* 838 A.2d 1103, 1110 (Del. 2003) (citations omitted); *see also Thornton,* 2009 WL 426179, at *4; *In re Jones,* 2006 WL 2035714, at *4.

[27] *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560, n. 1 (1992) ("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way."); *see generally Streifthau v. Bayhealth Med. Ctr.,* 2019 WL 1308267, at *3 (Del. Super. Mar. 21, 2019) ("[Delaware] Supreme Court has recognized the standing requirements set forth in *Lujan v. Defenders of Wildlife* as generally the same for Delaware state courts"); *Stuart Kingston, Inc. v. Robinson,* 596 A.2d 1378, 1382 (Del. 1991) ("to achieve standing, the plaintiff's interest in the controversy must be distinguishable from the interest shared by other members of a class or the public in general").

*Meghan Kelly v. Donald Trump, et al.*
C.A. No. 2020-0809-PWG
November 2, 2020

I consider whether this complaint should be dismissed as legally frivolous under 10 *Del. C.* § 8803(c). The question centers on whether Kelly has standing to bring her claims; if she does not, she has failed to state a claim upon which relief can be granted and the complaint is dismissed as legally frivolous. Kelly has standing to bring her claims if she proves an injury, that the injury was caused by the allegedly wrongful conduct and that it is likely to be remedied by a favorable decision. Kelly fails to meet the first two elements of standing because she has not shown an actual or concrete injury to her caused by Trump's conduct. She claims to be persecuted by private citizens for her criticism of Trump's support of one religious belief, and suppression of others, substantially burdening her freedom to exercise religion.[28] She also alleges she will suffer eternal harm because "she will not be able to share a fuller type of love with the people [Trump] misleads to hell," who "will cease to exist."[29] She does not show Trump's actions have caused harm to her personally. Her contentions are too remote and vague to be actionable. She

---

[28] D.I. 19, ¶¶ 439, 440. I have no basis to infer a causal connection between Trump's actions and the persecution, since the alleged persecution was inflicted by persons other than Trump in response to Kelly's actions criticizing Trump.

[29] D.I. 18, ¶¶ 18, 19. Her claim that she will suffer eternal harm by her inability to have relationships with people if Trump's actions cause people (including acquaintances/friends she mentions in her complaint) to go to hell is not a sufficiently concrete injury. It is impossible for this Court to determine what happens to people after they die and under what circumstances a person goes to hell. That determination is appropriately left to a higher power.

7

Kelly v. Donald Trump, et al.
C.A. No. 2020-0809-PWG
November 2, 2020

has also failed to show it is likely the injury she alleges, including persecution and eternal harm, will be redressed if her relief is granted.

It is clear that Kelly has strong religious beliefs and is sincere in her convictions. However, this Court cannot grant the relief she desires. Kelly lacks standing to bring this action because she has not alleged a personal, concrete and particularized harm, or damages, resulting from Trump's actions, and has not shown that a decision in her favor is likely to remedy the harm. Accordingly, the complaint fails to state a claim upon which relief may be granted and is legally frivolous.

## III.  CONCLUSION

Based upon the reasons set forth above, I recommend the Court dismiss the complaint under 10 *Del. C.* § 8803(c) as legally frivolous.[30]  This is a final report and exceptions may be taken under Court of Chancery Rule 144.

Respectfully,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery

---

[30] With the amended complaint's dismissal, Kelly's second motion to amend the complaint (which would not alter the decision to dismiss the complaint as legally frivolous), and her other outstanding motions, become moot and do not need to be addressed.

8